IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA BIRGE, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:13CV8 |
| v. | ) ) | |
| BRUMBAUGH & QUANDAHL, P.S., LLO, et al., | ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on the motion of the plaintiff, Lisa Birge ("Birge"), for an award of attorneys' fees (Filing No. 44) in the amount of $40,835.33 as set forth in the index (Filing No. 58-1). The matter has been fully briefed and the parties have filed indices of evidence. The Court will grant the motion in part.

I.      **FACTS**

This was a class action for violations of the Fair Debt Practices and Collection Act ("FDCPA") and the Nebraska Consumer Protection Act ("NCPA"). The action was brought against the Brumbaugh & Quandahl law firm, its employees, and Midland Funding ("Midland"), which was a customer of the law firm.

The parties entered into a settlement agreement (Filing No. 40-2) which resolved this action. The agreement provides

that the Defendants would "pay reasonable attorney fees and costs as the Court may award for prosecution of a 'successful action' under 15 U.S.C. 1692k" (Filing No. 40-2, at ¶ 23). Although the settlement releases Midland from Birge's claims, it does not require Midland to contribute to Birge's monetary award or for Midland to alter its business practices. Also, the settlement releases all defendants from NCPA claims.

The record reflects that this action was commenced in January 2013. Settlement negotiations occurred before any discovery. The parties entered into a tentative settlement in April 2013 with protracted negotiations thereafter (Filing No. 45, at 2). The parties settled before the Defendants filed an answer (Filing No. 50).

O. Randolph Bragg ("Bragg"), Pamela Car ("Car"), William Reinbrecht ("Reinbrecht"), and Shannon Carter ("Carter") comprise plaintiff's legal team. Birge's attorneys have requested attorneys' fees related to this case and have furnished detailed time sheets (Filing Nos. 46 and 58).

Birge's attorneys allege they have expended the following time. Car expended 29.9 hours at $325 per hour (Filing Nos. 46-4 and 58-5). Reinbrecht expended 37.35 hours at $300 per hour (Filing Nos. 46-4 and 58-7). Bragg expended 43.4 hours at

$425 per hour (Filing Nos. 46-2; 58-3). Carter expended 0.5[1] hours at $125 per hour (Filing No. 46-2). The requested attorneys' fees for this time totaled $40,835.33. The central issue before the Court is whether Birge's attorneys' fees are reasonable.

**II.     LAW**

"Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar -- the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." *Erikson*, 2013 WL 672281, at *4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012)). "At that point, other factors 'may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* (citing *Marez*, 688 F.3d at 965). "The district court should consider the factors set forth in *Johnson v. Georgia Highway*

---

[1] The Court recognizes that Carter did not bill 16 hours on May 30, 2013, for preparing "attorneys costs and fees reports." Filing No. 46-2 at *3, *6.

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)."[2]  *Id.* (citing *Marez*, 688 F.3d at 966 n.4).

The market value in the relevant legal community of the legal services performed is used to determine a reasonable attorney fee.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Reimbursement for work performed by out-of-town lawyers charging out-of-town rates is generally permitted only when in-town counsel with expertise in a particular area cannot be located. *See Erikson*, 2013 WL 672281, at *4 (citing *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140-41 (8th Cir. 1982)).

**III.    DISCUSSION**

The Defendants first contend that Birge's action was not successful as to her claims against Midland and her state law claim and, therefore, her attorneys are not entitled to compensation for the time spent on those claims.  The Defendants claim Birge has abandoned her NCPA claim and described her FDCPA

---

[2]  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of time involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.*

against Midland as "frivolous" and "unsuccessful." Filing No. 50, at 8. The settlement releases all parties from litigation under the FDCPA and state law claims, but Midland will not contribute to Birge's award. Filing No. 40-2, at 4, 5-6, 11-12. However, the Court will not speculate as to the merits of each claim which this settlement forecloses in order to contrive a reduction of Birge's legal fees. The Court finds Birge's attorneys are entitled to attorneys' fees for successful litigation as the prevailing party.

Next, the Defendants claim that Birge's legal team charged duplicative time and for clerical tasks. The Court reviewed counsel's filings relative to this motion. There are examples of unnecessary multiple billings and clerical work by attorneys. Filing No. 51-3, at 1.

While case review and consultation between multiple attorneys are not per se unreasonable, the Court's review of the fee schedule reveals some duplicative and administrative entries. The duplicative billings will result in the following reductions in time. Bragg's time will be reduced by 3.6 hours; Car's time will be reduced by 0.5 hour; Reinbrecht's time will be reduced by 1 hour.

In calculating attorneys' fees, "purely clerical or secretarial tasks should not be billed at a paralegal rate,

regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 (1989). The clerical billings[3] will result in the following reductions in time. Bragg's time will be reduced by 2.4 hours; Car's time will be reduced by 3.3 hours; Reinbrecht's time will be reduced by 2.5 hours. In sum, Birge's legal team is entitled to the following reasonable hours of work:

| Legal Professional | Hours Recorded | Hours Reduced | Total |
|---|---|---|---|
| Bragg | 43.4 | 6 | **37.4** |
| Car | 29.9 | 3.3 | **26.6** |
| Reinbrecht | 37.35 | 2.5 | **34.85** |
| Carter | 0.5 | - | **0.5** |

Finally, the Defendants contest Birge's attorneys' hourly rates. The Court is familiar with the hourly rates in this community and with the skills and abilities of the attorneys in this case. The Court determines that the hourly fee of Carter's paralegal services is reasonable. The Court will, however, adjust the rates of counsel to reflect the rates which this same legal team received in *Erikson v. Credit Bureau Serv.*, 2013 WL 672281 (D. Neb. Feb. 22, 2013).

The current motion is similar to the fees in *Erikson* because the plaintiffs' legal teams are identical and these actions are relatively recent. The *Erikson* opinion evaluated the

---

[3] Filing No. 51-5, at 1-2; Filing No. 58.

reasonable fees of this team in February 2013. The following chart depicts the reasonable fees of these professionals according to the *Erikson* court and the fees those same people now wish to receive as compensation:

| Legal Professional | *Erikson* fees[4] | Requested fees[5] |
|---|---|---|
| Bragg | $300/hour | $425/hour |
| Car | $275/hour | $325/hour |
| Reinbrecht | $250/hour | $300/hour |
| Carter | $125/hour | $125/hour |

In light of the complexity of this case, the availability of local counsel, and the skill of the attorneys involved, the Court will apply the rates in *Erikson*. According to Birge's filings and the reasonable attorneys fees, the "lodestar calculation" is as follows:

| Legal Professional | Reasonable Fee | Hours Worked | Total |
|---|---|---|---|
| Bragg | $300 | 37.4 | $11,220.00 |
| Car | $275 | 26.6 | $7,315.00 |
| Reinbrecht | $250 | 34.85 | $8,712.50 |
| Carter | $125 | 0.5 | $62.50 |
| TOTAL | | | $27,310.00 |

---

[4] *Erikson v. Credit Bureau Serv.*, 2013 WL 672281, at *4-5 (D. Neb. Feb. 22, 2013).

[5] Filing No. 45, at 3-4.

Birge's attorneys seek costs of $1,405.33[6] for filing and service fees and out-of-state counsel travel. These are necessary, reasonable costs, and necessary to prosecute the claims of the class. These costs will be allowed. A separate judgment will be entered in accordance with this memorandum opinion.

        DATED this 20th day of February, 2014.

        BY THE COURT:

        /s/ Lyle E. Strom

        _____
        LYLE E. STROM, Senior Judge
        United States District Court

---

[6] Filing fee ($350), service fee ($83.21), airfare for Bragg's Omaha trip ($777.40), and Bragg's hotel, transportation, and meal in Omaha ($194.72). Filing Nos. 46-6 *3 and 46-2 at *7.